**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF NEW JERSEY**

| | |
|---|---|
| **BRANDON PARK,**<br><br>Plaintiff,<br>**vs.**<br><br>**FAIR COLLECTIONS & OUTSOURCING, INC., dba FCO, TDC FORT LEE, LLC, and LINCOLN PROPERTIES aka HUDSON LIGHTS,**<br><br>Defendants. | **Civil Action No.**<br><br>**2:20-cv-06058-SDW-LDW**<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT** |

**DEFENDANT FAIR COLLECTIONS & OUTSOURCING, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

AND NOW comes Defendant, Fair Collections & Outsourcing, Inc. ("FCO"), by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, and hereby answers the Complaint of Plaintiff, Brandon Park ("Plaintiff"). In support thereof, FCO avers as follows:

**ANSWER TO JURISDICTION AND VENUE**

1. Denied. FCO denies the allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

2. Denied. FCO denies the allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

**ANSWER TO PARTIES**

3. Admitted in part and denied in part. FCO admits that Plaintiff and his wife are individuals. FCO lacks sufficient knowledge, information, or belief as to whether Plaintiff and his wife were residents of Bergen County, New Jersey at all times relevant to the claims set forth in this Complaint and, therefore, FCO

denies this allegation. FCO further denies Plaintiff's characterization of "debtor," as such determination calls for a legal conclusion. FCO refers all questions of law to the Court.

4. Denied. No response is required to the allegations in this paragraph as they pertain to a party other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

5. Denied. No response is required to the allegations in this paragraph as they pertain to a party other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

6. Admitted in part and denied in part. FCO admits that it is a business entity that is properly bonded for debt collection in the State of New Jersey. FCO admits that it maintains a place of business at the address set forth in this paragraph. FCO further admits that FCO was hired by Lincoln Properties to recover on Plaintiff's valid and delinquent debt obligation owed to Lincoln Properties. Unless otherwise admitted, FCO denies all allegations in this paragraph.

7. Admitted in part and denied in part. FCO admits that it was hired by Lincoln Properties to collect upon Plaintiff's valid and delinquent debt obligation owed to Lincoln Properties. Unless otherwise admitted, FCO denied all allegations in this paragraph.

## ANSWER TO COMMON ALLEGATIONS

### A. Plaintiff's Lease Dated April 2018

8. Denied. No response is required to the allegations in this paragraph as they pertain to a contractual relationship between Plaintiff and a party other

than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

9. Denied. No response is required to the allegations in this paragraph as they pertain to a contractual relationship between Plaintiff and a party other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

a. Denied. No response is required to the allegations in this paragraph as they pertain to a contractual relationship between Plaintiff and a party other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

b. Denied. No response is required to the allegations in this paragraph as they pertain to a contractual relationship between Plaintiff and a party other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

10. Denied. No response is required to the allegations in this paragraph as they pertain to a contractual relationship between Plaintiff and a party other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

11. Denied. No response is required to the allegations in this paragraph as they pertain to a contractual relationship between Plaintiff and a party other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

### B. Plaintiff's Notice to Quit Tenancy Dated December 2018

12. Denied. No response is required to the allegations in this paragraph as they pertain to a contractual relationship between Plaintiff and a party other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

13. Denied. No response is required to the allegations in this paragraph as they pertain to a contractual relationship between Plaintiff and a party other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

14. Denied. No response is required to the allegations in this paragraph as they pertain to a contractual relationship between Plaintiff and a party other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

15. Denied. No response is required to the allegations in this paragraph as they pertain to a contractual relationship between Plaintiff and a party other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

### C. Defendant Property Management Company's Failure to Re-List Unit 1025

16. Denied. No response is required to the allegations in this paragraph as they pertain to a contractual relationship between Plaintiff and a party other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

17. Denied. FCO denies the allegations in this paragraph as they call

for conclusions of law. FCO refers all questions of law to the Court.

18. Denied. FCO denies the allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

19. Denied. FCO denies the allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

20. Denied. FCO denies the allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

21. Denied. FCO denies the allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

22. Denied. No response is required to the screenshot in this paragraph as it is an image that speaks for itself. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

23. Denied. No response is required to the screenshot in this paragraph as it is an image that speaks for itself. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

24. Denied. No response is required to the screenshot in this paragraph as it is an image that speaks for itself. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

25. Denied. No response is required to the screenshot in this paragraph as it is an image that speaks for itself. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

26. Denied. FCO lacks sufficient knowledge, information, or belief as to the authenticity of the photograph in this paragraph, and denies all allegations

accordingly. Additionally, FCO denies Plaintiff's attempts to characterize the photograph, as it is an image that speaks for itself.

27. Denied. FCO lacks sufficient knowledge, information, or belief as to the veracity of the allegations in this paragraph, and denies these allegations.

**D. <u>Defendants' Bad Faith Dunning/Collection Campaign</u>**

28. Denied. FCO denies the allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

29. Denied. Insofar as the allegations in this paragraph pertain to FCO, FCO denies same as they call for conclusions of law. FCO refers all questions of law to the Court.

30. Denied. No response is required to the allegations in this paragraph as they pertain to parties other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

31. Denied. No response is required to the allegations in this paragraph as they pertain to parties other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

32. Denied. No response is required to the allegations in this paragraph as they pertain to parties other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

33. Denied. No response is required to the allegations in this paragraph as they pertain to parties other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

34. Denied. No response is required to the allegations in this paragraph

as they pertain to parties other than FCO. To the extent a response is deemed necessary as to FCO, FCO denies these allegations.

35. Admitted in part and denied in part. FCO admits that its records reflect, on October 10, 2019, FCO was hired to recover on Plaintiff's delinquent debt obligation owed to Lincoln Properties. FCO further admits that its records reflect that FCO only written correspondence to Plaintiff was an initial collection letter mailed on October 15, 2019. Between October 22, 2019 and October 31, 2019, FCO's records reflect a total of seven (7) telephonic calls placed to Plaintiff and four (4) calls placed to Plaintiff's co-debtor wife. Once FCO received communication from Plaintiff's counsel on November 25, 2019 regarding counsel's representation of Plaintiff, FCO directed no further communications to Plaintiff (or his spouse). FCO denies Plaintiff's mischaracterization the dunning notice as a "baseless demand dunning notice" as the FCO initial collection letter, issued to Plaintiff and his wife contained information pertaining to Plaintiff's delinquent debt obligation owed to Lincoln Properties. FCO denies Plaintiff's characterization of "unwanted telephone calls" to Plaintiff or his wife as FCO's records reflect no cease requests were ever made incident to those calls. Further, once FCO became aware that Plaintiff was represented by counsel, all communications directed to Plaintiff by FCO ceased. FCO denies the remaining allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

36. Admitted in part and denied in part. FCO admits that its records reflect a total seven (7) telephone calls placed to Plaintiff in connection with his

delinquent debt obligation owed to Lincoln Properties. FCO denies Plaintiff's characterization that FCO "threatened adverse action" at any point, and avers that the recordings speak for themselves. FCO denies all remaining allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

37. Denied. Of the seven (7) telephone calls placed by FCO to Plaintiff, only one resulted in a contact with Plaintiff (on October 22, 2019).[1] FCO denies that at any point during its only conversation with Plaintiff did Plaintiff make a cease request or advise FCO to submit all further communications in writing. FCO denies any attempt by Plaintiff to characterize same, as the recording of that telephone call speaks for itself.

38. Admitted in part and denied in part. FCO admits that its records reflect that FCO received notice from Attorney Kimm was representing Jin Lee, the spouse of Plaintiff, on November 25, 2019.[2] Thereafter, FCO communicated with the creditor regarding the dispute and the creditor confirmed that the dispute was not valid. FCO further admits that it provided an email to counsel for Jin Lee to the email address provided by Attorney Kimm in his October 23, 2019 letter of representation and dispute letter as to Jin Lee.[3] FCO admits that

---

[1] During the October 22, 2019 call with Plaintiff, Plaintiff advised that he would be responding in writing. Plaintiff consented to further calls from FCO if FCO did not receive the written response from Plaintiff.

[2] The letter was dated October 23, 2019, but was received by FCO on or about November 25, 2019. Notably, Attorney Kimm's letter of representation was limited to the representation of, and dispute by, Jin Lee, not Plaintiff.

[3] See the October 23, 2019 letter from Attorney Kimm to FCO. Exhibit "A" to this Answer.

it provided validation of the debt to Attorney Kimm in the February 13, 2020 letter appended to the email sent to msk@kimmlaw.com. Unless otherwise admitted, FCO denies the allegations in this paragraph.

39. Denied. FCO denies these allegations and leaves Plaintiff to his proofs.

40. Denied. FCO denies that its email response directed to Attorney Kimm, in response to the written dispute made by Jin Lee, through her counsel, Attorney Kimm, to an email address provided by Attorney Kimm, could reasonably or rationally be construed as deceptive. FCO denies the remaining allegations in this paragraph as they consist of errant and speculative conclusions drawn by Attorney Kimm.

41. Admitted in part and denied in part. FCO denies that its records reflect that FCO conferred with the Kimm Law Firm on February 20, 2020. [4] FCO admits that FCO conferred with Attorney Kimm on March 3, 2020. FCO further admits that it provided the validation of the debt in response to Attorney Kimm's October 23, 2019 dispute letter for non-party Jin Lee (which was received by FCO on November 25, 2019) to Attorney Kimm's email address (provided by Attorney Kimm), on February 13, 2020. Further, FCO admits that the February 13, 2020 validation response to Attorney Kimm provided a ledger of charges confirming the amount that the creditor claimed was owed by Plaintiff and Jin Lee. A copy of the validation documents provided to Attorney Kimm in response

[4] FCO's records reflect that it first conferred with Attorney Kimm telephonically on March 3, 2020. A *non-certified* transcript of that conversation is appended to this Answer as Exhibit "B".

to his request for validation is appended to this Answer as Exhibit "C" (redacted as appropriate). Unless otherwise admitted, FCO denies the allegations in this paragraph and leaves Plaintiff to his burden of proof.

42. Denied. FCO denies that its records reflect receiving a cease request from Plaintiff or his wife (until FCO received the October 23, 2019 letter from Attorney Kimm concerning Jin Lee, on November 25, 2019) and denies that FCO engaged in any conduct plausibly reflecting an intent to "harass" Plaintiff or his wife (or having the natural consequence of harassing Plaintiff or his wife). FCO denies that at any point during its *only* telephonic conversation with Plaintiff, on October 22, 2019, did Plaintiff make a cease request, and denies that Plaintiff advised FCO to reduce all further communications to writing. By way of further response, FCO received a letter of representation from Plaintiff's counsel, regarding Jin Lee, on November 25, 2019 and directed all subsequent communications (written and oral) to same. FCO leaves Plaintiff to his proofs to the contrary.

**E. Defendants' Reporting of Unlawful "Penalties" on Plaintiff's Credit Profile**

43. Admitted in part and denied in part. FCO admits that its records do not reflect any payment by Plaintiff as to his debt obligation owed to Lincoln Properties. FCO denies the remaining allegations in this paragraph and FCO lacks sufficient knowledge, information, or belief as to Plaintiff's mindset regarding same, as alleged in this paragraph. Further, FCO denies the allegations in this paragraph to the extent that they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as

to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

44. Admitted in part and denied in part. FCO admits that it began furnishing credit information concerning Plaintiff's delinquent debt to the three main credit bureaus (Experian, Equifax, and Trans Union) on February 18, 2020. FCO denies the allegations in this paragraph to the extent that they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO denies all remaining allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

45. Denied. FCO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and denies these allegations. FCO denies the allegations in this paragraph to the extent that they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

46. Denied. FCO denies these allegations as FCO furnished the dispute of Plaintiff's delinquent debt to the credit bureaus when FCO became aware that Plaintiff disputed his debt. A factual basis to the contrary is demanded of Plaintiff. FCO denies the allegations in this paragraph to the extent that they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs

47. Denied. FCO denies that it violated any law or that it is liable to Plaintiff. FCO denies that it was a proximate or direct cause of any harm claimed by Plaintiff or that it engaged in any unlawful conduct with improper knowledge, willfulness or deliberation with respect to Plaintiff. FCO further denies the allegations in this paragraph to the extent that they are directed to FCO. FCO denies the allegations in this paragraph to the extent that they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

**ANSWER TO COUNT ONE: FDCPA VIOLATIONS**

48. No response is required as Plaintiff merely incorporates the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, FCO incorporates its responses to paragraphs 1 through 47 as if fully set forth herein at length.

49. Denied. FCO denies engaging in conduct that was violative of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*, or any other law. FCO denies the remaining allegations in this paragraph as they call for legal conclusions. FCO refers all questions of law to the Court.

50. Admitted in part and denied in part. FCO admits that Plaintiff cites to subsection 1692d of the FDCPA in this paragraph. In relevant part, Section 1692d provides that:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of

this section:

******

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

FCO denies ringing Plaintiff's telephone number in rapid succession or engaging Plaintiff in conversation repeatedly or continuously during the single contact with Plaintiff via telephone on October 22, 2019, or over the course of the six (6) other calls without a contact. FCO denies engaging in any telephonic communications towards Plaintiff or his wife that would plausibly reflect an "intent to annoy, abuse, or harass". A factual basis for these conclusory allegations is demanded of Plaintiff. Further, FCO denies the remaining allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

51. Admitted in part and denied in part. FCO admits that Plaintiff sets forth a portion of Section 1692e of the FDCPA in this paragraph. FCO denies engaging in any conduct towards Plaintiff violative of Section 1692e or any law. FCO further denies the remaining allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

52. Denied. FCO denies the allegations in this paragraph and leaves Plaintiff to his proofs.

53. Denied. FCO's records reflect that it furnished credit information concerning Plaintiff's delinquent debt obligation as a disputed to the credit bureaus with an "XB" code once FCO was placed on notice of the dispute. Therefore, FCO denies these allegations and leaves Plaintiff to his burden of

proof.

54. Admitted in part and denied in part. FCO admits that it sought to recover on the delinquent debt owed by Plaintiff. FCO denies the remaining allegations in this paragraph as FCO is not an attorney and did not differentiate the elements of the balance owed by Plaintiff. A factual basis for these allegations made by Plaintiff is demanded of Plaintiff.

55. Admitted in part and denied in part. FCO admits that Plaintiff sets forth a portion of Section 1692f of the FDCPA in this paragraph. FCO denies these allegations as being redundant of Plaintiff's Section 1692e claims. FCO further denies engaging in any unfair or unconscionable means in the course of its efforts to recover on Plaintiff's delinquent debt obligation. FCO denies all remaining allegations in this paragraph as they call for conclusions of law. FCO refers all questions of law to the Court.

56. Admitted in part and denied in part. FCO admits it was hired to recover on a delinquent debt obligation owed by Plaintiff. FCO admits that it received a dispute from Attorney Kimm on November 25, 2019 (dated October 23, 2019) and that FCO provided validation of the debt to Attorney Kimm on February 13, 2020. Unless otherwise admitted, FCO denies the allegations in this paragraph and leaves Plaintiff to his proofs.

57. Admitted in part and denied in part. FCO admits that Plaintiff quotes from Section 1692g of the FDCPA in this paragraph. FCO denies having engaged in any conduct violative of Section 1692g or any law.

58. Denied. Section 1692g(b) of the FDCPA requires that, upon receipt

of a timely written dispute from a consumer, a debt collector is required to cease collection efforts until the collector investigates the dispute. Here, FCO conducted a reasonable investigation of the dispute through consultation with the creditor and confirmed the validity of Plaintiff's debt obligation. Further, consistent with its obligations under 1692g(b), FCO provided the results of its investigation to Plaintiff, through his counsel, on February 13, 2020. See Exhibit "C" to this Answer. Therefore FCO denies violating Section 1692g of the FDCPA and leaves Plaintiff to his proofs.[5]

59. Denied. FCO denies any liability to Plaintiff under the FDCPA and further denies that it was either the proximate or direct cause of any perceived harms claimed by Plaintiff. FCO leaves Plaintiff to his proofs.

**ANSWER TO COUNT TWO: DECLARATORY JUDGMENT**

60. No response is required as Plaintiff merely incorporates the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, FCO incorporates its responses to paragraphs 1 through 59 as if fully set forth herein at length.

61. Denied. FCO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and denies these

[5] Plaintiff's dispute of his debt is premised on a *legal* question regarding the viability of penalties. FCO is not a law firm and validation under 1692g(b) does not impose an obligation on a debt collector to render determinations regarding legal questions. Rather, Section 1692g(b) requires debt collectors to investigate a dispute of a debt based on the factual information in its possession and in the possession of the creditor, including ledgers showing the amount being sought is the amount claimed to be owed to the creditor. Plaintiff's 1692g claim against FCO fails on its premise.

allegations. FCO denies the allegations in this paragraph to the extent that they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs

62. Denied. FCO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and denies these allegations. FCO denies the allegations in this paragraph to the extent that they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

## ANSWER TO COUNT THREE: STATE LAW DEFAMATION

63. No response is required as Plaintiff merely incorporates the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, FCO incorporates its responses to paragraphs 1 through 62 as if fully set forth herein at length.

64. Denied. FCO lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and denies these allegations. FCO denies the allegations in this paragraph to the extent that they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

65. Denied. FCO denies all allegations in this paragraph to the extent that they are directed to FCO. FCO denies the allegations in this paragraph to

the extent that they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations. FCO leaves Plaintiff to his proofs.

66. Denied. FCO denies that it furnished any credit information concerning Plaintiff that was false or defamatory to any credit bureau and denies that FCO's conduct resulted in any improper decrease in Plaintiff's credit score. At all times relevant to the allegations in the complaint, FCO's records reflect that FCO furnished that the subject debt owed by Plaintiff was disputed by Plaintiff – an "XB" code. Further, FCO denies the pre-empted claims for defamation and directs Plaintiff to Sections 1681t(b)(1)(F) and 1681h(e) of the FCRA.[6] FCO lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and denies these allegations. FCO denies the allegations in this paragraph to the extent that they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

67. Denied. FCO denies the allegations in this paragraph as they are directed to a party other than FCO, and FCO lacks sufficient knowledge or

[6] 1681t(b) No requirement of prohibition may be imposed under the laws of any state (1) with respect to any subject matter regulated under – (F) 15 U.S.C. §1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies…" and 1681h(e) "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against … any person who furnishes information to a consumer reporting agency…." Plaintiff's defamation claims, to the extent they concern the conduct of FCO are plainly preempted.

information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

**ANSWER TO COUNT FOUR: BREACH OF CONTRACT AND/OR THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

68. No response is required as Plaintiff merely incorporates the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, FCO incorporates its responses to paragraphs 1 through 67 as if fully set forth herein at length.

69. Denied. FCO denies the allegations in this paragraph as they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

70. Denied. FCO denies the allegations in this paragraph as they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

71. Denied. FCO denies the allegations in this paragraph as they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

72. Denied. FCO denies the allegations in this paragraph as they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

**ANSWER TO COUNT FIVE: NJ SECURITY DEPOSIT ACT VIOLATION**

73. No response is required as Plaintiff merely incorporates the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, FCO incorporates its responses to paragraphs 1 through 72 as if fully set forth herein at length.

74. Denied. FCO denies the allegations in this paragraph as they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

75. Denied. FCO denies the allegations in this paragraph as they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

76. Denied. FCO denies the allegations in this paragraph as they are directed to a party other than FCO, and FCO lacks sufficient knowledge or information to form a belief as to the truth of these allegations directed to a party other than FCO. FCO leaves Plaintiff to his proofs.

**ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF**

Admitted in part and denied in part. FCO admits that Plaintiff requests a variety of damages, declaratory relief, attorney's fees, and costs for the allegedly violative conduct of FCO. As FCO denies engaging in any such conduct, or violating any law, FCO denies that Plaintiff is entitled to any relief in the absence of setting forth a viable claim. By way of further denial, it is a matter of well-

settled law that Plaintiff is not entitled to an award of punitive damages or declaratory relief for violations of the FDCPA.

**ANSWER TO PLAINTIFF'S DEMAND FOR A JURY TRIAL**

Admitted in part and denied in part. FCO admits that Plaintiff requests a trial by jury for the claims set forth in his Complaint. FCO denies that Plaintiff is entitled to same in the absence of presenting any viable claims.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

FCO's conduct with respect to Plaintiff did not violate the FDCPA. Therefore, FCO affirmatively asserts that Plaintiff's claims pursuant to the FDCPA lack any degree of viability and all claims against FCO should be dismissed or withdrawn.

**SECOND AFFIRMATIVE DEFENSE**

Even if FCO violated the FDCPA, which is denied, Plaintiff did not incur any cognizable damages as a result of the alleged conduct of FCO. Plaintiff did not incur a concrete harm sufficient to sustain an FDCPA claim. Therefore, Plaintiff lacks standing to assert FDCPA claims against FCO.

**THIRD AFFIRMATIVE DEFENSE**

If FCO violated the FDCPA, which is denied, such violation was immaterial. Plaintiff has not only failed to assert a viable claim against FCO, he has also failed to assert a material claim.

**FOURTH AFFIRMATIVE DEFENSE**

In the event that Plaintiff is able to adequately plead a claim under the FDCPA, his entitlement to statutory damages is capped at $1,000 per action, not per violation. See *Goodman v. People's Bank, et al,* 2006 U.S. App LEXIS 31555 (3d Cir. Dec. 21, 2006); *Blandina v. Midland Funding, LLC,* 2015 U.S. Dist. LEXIS 12621 (E.D. Pa. Feb. 2, 2015); *Brown v. Law Offices of Butterfield,* 2004 U.S. Dist. LEXIS 9822, *16 n8 Civil Action No. 03-CV-05850 (ED Pa. May 24, 2004); *Wright v. Finance Service of Norwalk, Inc.,* 22 F.3d 647, 650-51 (6th Cir. 1994); and *Harper v. Better Business Services, Inc.,* 961 F.2d 1561, 1563 (11th Cir. 1992).

**FIFTH AFFIRMATIVE DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which FCO denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of FCO.

**SIXTH AFFIRMATIVE DEFENSE**

FCO did not engage in any conduct the natural consequence of which would have harassed, oppressed, or abused Plaintiff in the course of its efforts to collect on Plaintiff's valid and delinquent debt obligation. Therefore, Plaintiff's claims under Section 1692d of the FDCPA should be dismissed or withdrawn.

**SEVENTH AFFIRMATIVE DEFENSE**

FCO did not cause Plaintiff's telephone to ring repeatedly or continuously and did not engage Plaintiff in repeated or continuous telephone conversations. Plainly, FCO did not call Plaintiff with intent to annoy, abuse, or harass him in

the course of FCO's efforts to recover on Plaintiff's valid and delinquent debt obligation. Therefore, Plaintiff's claims under Section 1692d(5) of the FDCPA should be dismissed or withdrawn.

**EIGHTH AFFIRMATIVE DEFENSE**

FCO did not engage in any false or deceptive acts in the course of its efforts to recover on Plaintiff's valid and delinquent debt obligation. Therefore, Plaintiff's claims under Section 1692e of the FDCPA should be dismissed or withdrawn.

**NINTH AFFIRMATIVE DEFENSE**

FCO did not furnish any knowingly false information to the credit bureaus or any third party, or any information that FCO should have known was false, in connection with Plaintiff's valid and delinquent debt obligation. Therefore, Plaintiff's claims against FCO under Section 1692e(8) of the FDCPA should be dismissed or withdrawn.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims under 1692f of the FDCPA are entirely derivative of his claims under 1692e and, as such, should be dismissed or withdrawn.

**ELEVENTH AFFIRMATIVE DEFENSE**

FCO did not violate Section 1692g of the FDCPA. FCO issued an initial collection letter to Plaintiff that fully comported with the requirements under Section 1692g(a). Plaintiff, through his counsel, provided a written request for validation. FCO conducted a reasonable investigation of the dispute in reliance on information from the creditor (and correspondence with the creditor) and validated the debt in compliance with Section 1692g(b) of the FDCPA. See

Exhibits "A" and "C" to this Answer. Plaintiff's argument is a legal argument, not a factual argument, and as such his claims under 1692g of the FDCPA fail and should be dismissed or withdrawn.

**TWELFTH AFFIRMATIVE DEFENSE**

FCO furnished credit information to the credit bureaus concerning Plaintiff's valid and delinquent debt obligation. Upon receipt of the dispute from Attorney Kimm regarding non-party, Jin Lee, FCO conducted a reasonable investigation of the dispute and validated the debt. Additionally, FCO furnished that the debt was disputed. Therefore, Plaintiff's claims under 1692e(8) fail as a matter of both fact and law and should be dismissed or withdrawn.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for defamation premised on credit reporting are preempted by 1681t(b) "No requirement of prohibition may be imposed under the laws of any state (1) with respect to any subject matter regulated under – (F)15 U.S.C. §1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies…" and 1681h(e) "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against … any person who furnishes information to a consumer reporting agency….". To the extent that Plaintiff seeks to advance a claim in defamation against FCO, such claim should be dismissed or withdrawn.

**FOURTEENTH AFFIRMATIVE DEFENSE**

FCO reserves the right to raise any other Affirmative Defenses not previously asserted in this Answer as they may arise through further investigation and discovery.

**DEMAND FOR SPECIFICATION OF MONEY DAMAGES**

Pursuant to Local Rule 8.1, FCO demands that Plaintiff, within fourteen (14) days, furnish FCO with a statement of the amount of actual damages claimed by him as to FCO, only, with particularity, and the methodology used in calculating such damages.

**CERTIFICATION**

PURSUANT TO R. 4:5-1, I hereby certify that counsel for FCO is not presently aware of a pending action that should be consolidated with this matter.

**WHEREFORE**, Defendant, Fair Collections & Outsourcing, Inc., respectfully requests that this Honorable Court deem this Answer good and appropriate, and grant relief to Defendant as the Court deems just and proper.

Respectfully submitted,

**GORDON REES**
**SCULLY MANSUKHANI, LLP**

By: */s/ Andrew M. Schwartz*
Andrew M. Schwartz
Three Logan Square
1717 Arch St., Suite 610
Philadelphia, PA 19103
☎ (215) 717-4023
🖷 (215) 693-6650
🖃 Amschwartz@grsm.com
Attorney for Defendant,
Fair Collections & Outsourcing, Inc.