# KIMM LAW FIRM

333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
Tel 201-569-2880
Fax 201-569-2881

**PLEASE REPLY TO ENGLEWOOD CLIFFS**

214-25 42nd Avenue, Suite 2F
Bayside, New York 11361

Email: msk@kimmlaw.com

January 11, 2021

By ECF

Hon. Leda D. Wettre, USMJ
United States District Court
MLK Federal Building & Court House
50 Walnut Street
Newark, NJ 07102

Re: Park v. Lincoln Properties et al, 2:20-cv-06058-SDW-LDW

Dear Judge Wettre:

Plaintiff writes to request the Court's assistance in closing this matter after we reported by letter dated October 12, 2020, that the defendant landlord-entities and plaintiff had settled the second half of the action.

This action relates to plaintiff-tenant's early termination of tenancy and departure from Hudson Lights apartments in Fort Lee due to issues in the new apartment and shopping complex. The landlord-entities retained a collection agency and summarily listed a "debt" being owed by plaintiff-tenant for a liquidated sum, which was false.

The tenant-plaintiff sued both the collection agency and the landlord-entities that hired the collection agency to impair plaintiff's credit profile. Shortly after suit was commenced on May 19, 2020, primarily under federal-question jurisdiction under the Fair Debt Collection Practices Act, defendant collection agency and plaintiff entered into a settlement agreement. With the collection agency no longer in the case, the landlord-entities asserted that the Court no longer had jurisdiction; but before proceeding to motion practice with that issue, the landlord-entities and plaintiff also agreed to settle the dispute.

On October 12, 2020, I reported to your Honor, ECF25, that the parties had reached settlement in principle. That day the Court entered a 60 day administrative suspension of the case.

Page 2

As shown by the email string attached to this letter, the settlement offer was made by our email dated October 9, 2020, for defendants to pay $7,500.00 and the response came from Geoffrey Mueller, Esq., on October 12, 2020, "Our client accepts. Would you please so advise the Court and circulate a proposed form of settlement agreement." We advised the Court the same day; on October 26, 2020, we provided a set of Settlement Agreement with Release to Mr. Mueller. No response came.

On November 23, 2020, we wrote a reminder letter and provided the instruments previously sent on October 26, 2020. On November 23, Mr. Mueller stated that he would respond with proposed edits that day. On November 23, Mr. Mueller requested changes and the same day we agreed to adopt those changes. After further requests for changes, Mr. Mueller finally agreed that the instruments were acceptable with his own edits on November 25, 2020. By December 2, 2020, we provided the signed and notarized version both in pdf and by mail. Afterwards, there was total radio-silence by Mr. Mueller until December 31, 2020, when he stated that his clients probably would not respond until next week.

This case does not involve $7 million dollar settlement and there is no reason for a $7,500 settlement to take 3 months-plus for closure. While the 60 day administrative dismissal and automatic restoration period has lapsed, we are prepared to file a Rule 60 application to set aside any procedural impediment to enforcing the settlement or having the dispute restored as the Court may deem it appropriate. We simply don't want to spend more time chasing a clerical task — the defendants' execution of the settlement agreement repeatedly edited by their lawyer and payment of the settlement funds — which should have taken a week.

On December 3, 29 and 30, we requested defendants' attention to this matter so we could have closure. Mr. Mueller's email dated December 31, 2020, stating that he would not have a response that day is hardly responsive and is certainly not in good faith.

Thank you for your consideration.

Respectfully,

/s/ Michael Kimm

Michael S. Kimm

Enc. Email string
cc: Geoffrey D. Mueller, Esq., by ECF